**STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN A. MCDONALD<br>*Plaintiff*<br><br>v.<br><br>STATE OF CONNECTICUT DEPARTMENT OF EMERGENCY SERVICES AND PUBLIC PROTECTION, ROBERT DERRY, ADAM ROSENBERG, JACK GONCALVES, BRIAN FOLEY, JAMES ROVELLA, STAVROS MELLEKAS and JASON ST. JOHN<br>*Defendants* | : | CIVIL ACTION NO. 3:24-CV-1859(KAD)<br><br><br><br><br><br><br><br><br><br>DECEMBER 24, 2024 |

**MEMORANDUM SUPPORTING THE**
**DEFENDANT, ADAM ROSENBERG'S,**
**MOTION TO SEAL THE PLAINTIFF'S SUMMONS**
**DISCLOSING THE DEFENDANT'S HOME ADDRESS**

Pursuant to Local Rule 5(e), the individual Defendant, Adam Rosenberg, has moved the Court to seal portions of the Plaintiff's Summons sheet found at Document #1-1 that was publicly filed on November 25, 2024.

## I. OVERVIEW

At all relevant times, the Defendant Adam Rosenberg has been employed as a State Police Sergeant with the Department of Emergency Services and Public Protection.

While the Defendant has never provided his home address to the Plaintiff or his counsel, this information has been publicly filed as part of the Summons in both state and federal court. *See* Document #1-1. The Defendant is concerned about this public disclosure given the nature of his work in law enforcement. Notably, this information *is not publicly available through the Connecticut Freedom of Information Act*.

## II. <u>STANDARD OF REVIEW</u>

Local Civil Rule 5 sets forth the legal standard for determining whether material should be sealed in compliance with the First Amendment to the United States Constitution and the federal common law. D. Conn. L.R. Civ. P. 5(e). It provides:

> **(e) Sealed Proceedings and Documents** 1.(a) The power to close a courtroom or to exclude the public from proceedings to which a First Amendment right to access attaches shall be used sparingly and only for clear and compelling reasons. Before excluding the public from such proceedings, the Court must make particularized findings on the record demonstrating the need for the exclusion, and any court closure order shall be narrowly tailored to serve the purpose of the closure. Those findings may be made *in camera* and under seal, provided that the requirements of paragraph 3, below, have been met with respect to the findings themselves.

## III. <u>ARGUMENT</u>

### A. The Court Should Seal The Defendant's Personal Information And Should Exercise That Discretion To Prohibit This Public Disclosure and Seal This Private Information

Because their interests in privacy and safety outweigh the public or Plaintiff's interest in this specific and narrow piece of information, and based on concerns with the potentially adverse collateral effects on uninvolved third parties – including family members – the individual Defendant has moved to seal his home address which is protected by state law. *See Byrne* v. *Yale University, Inc.*, Docket No. 3:17-CV-1104 (VLB), 2020 U.S. Dist. LEXIS 62920, at *4 (D. Conn. Apr. 10, 2020).

While the Defendant does not have proof that harm would occur, nonetheless, since he is an active state law enforcement official, that may subject him to contact by angry or disgruntled individuals including criminal, such that he has justifiable fear that disclosing his home address could jeopardize his safety and the safety of his family.

In this case, there is no public need for disclosure of the Defendant's home address. There is no basis for believing that the information will lead to relevant evidence and would not be important to the Plaintiff's case. A fishing expedition into the individual Defendant's private life is not warranted and this information should be sealed and prohibited from disclosure. *See Collens* v. *City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (prohibiting disclosure of police officer's home address).

## IV. CONCLUSION

For the foregoing reasons, the Defendant has established good cause to protect his privacy interests involved. Thus, this Court, should seal the Plaintiff's Summons sheet at Document #1-1 from public view.

DEFENDANT,
ADAM ROSENBERG

WILLIAM TONG
ATTORNEY GENERAL

BY: _/s/ *Nancy A. Brouillet*_____________
Nancy A. Brouillet (#ct03138)
Assistant Attorney General
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Tel: (860) 808-5340
Fax.: (860) 808-5383
Email: Nancy.Brouillet@ct.gov

**CERTIFICATION**

I hereby certify that on December 24, 2024 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_/s/ *Nancy A. Brouillet*_______
Nancy A. Brouillet (#ct03138)
Assistant Attorney General